J-A35007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD STANFORD, | |
| Appellant | No. 1513 WDA 2013 |

Appeal from the Judgment of Sentence Entered August 22, 2013
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002099-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and ALLEN, J.

MEMORANDUM BY BENDER, P.J.E.:            **FILED JANUARY 20, 2015**

Appellant, Ronald Standford, appeals from the judgment of sentence of five to ten years' incarceration, imposed after a jury convicted him of possession of a controlled substance (cocaine), and possession with intent to deliver (PWID) a controlled substance (cocaine). Appellant challenges the sufficiency of the evidence to sustain his PWID conviction, as well as the legality of his mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 7508. After careful review, we affirm Appellant's conviction, but vacate his judgment of sentence and remand for resentencing.

The trial court summarized the facts of this case as follows:

> On September 2, 2011, at approximately 5:00 PM, City of Pittsburgh police were working in plain clothes in the Homewood neighborhood of Pittsburgh. Their attention was drawn to a Hyundai Sonata automobile because they saw it: travel at a high rate of speed; fail to use a turn signal when it swerved to the side of the road; and[] park on the sidewalk in front of a housing

complex which is well-known for violent drug activity. As a result, the police pulled behind the Sonata and activated their lights and siren to execute a traffic stop. [Appellant] … who was the front seat passenger, exited the vehicle and began to walk away. When he was ordered back to the car, he became extremely confrontational. The police looked into the vehicle and saw, right in the middle of the front passenger seat, a large piece of crack cocaine. The cocaine weighed 12.81 grams. [Appellant] was searched and a cell phone and $516.00 was found on his person. No use paraphernalia was found for the ingestion of the crack cocaine. After [Appellant] was Mirandize[d],[1] he admitted that the crack cocaine was his, and reported [that] he was unemployed. An expert testified at trial that, with the facts as described above, [Appellant] possessed the cocaine with the intent to deliver it.

Trial Court Opinion (TCO), 6/3/14, at 1.

Based on these facts, Appellant was convicted of the above-stated offenses. On August 22, 2013, the court sentenced him to a mandatory term of five to ten years' incarceration pursuant to 18 Pa.C.S. § 7508(a)(3)(ii). Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents two questions for our review:

I. Was the trial court's imposition of the mandatory minimum sentence under 18 Pa.C.S.A. § 7508(a)(3)(ii) illegal when the factfinder never found the facts necessary beyond a reasonable doubt for the imposition of the mandatory minimum, as required by the United States Supreme Court in **Alleyne v. United States**, 133 S.Ct. 2151 (2013)?

II. Was the evidence insufficient to prove [PWID] beyond a reasonable doubt when the evidence merely showed that [Appellant] was only in possession of the drugs, not that he intended to distribute them?

---

[1] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

- 2 -

Appellant's Brief at 5 (unnecessary capitalization omitted).

For ease of disposition, we will address Appellant's challenge to the sufficiency of the evidence first. To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant solely challenges his conviction for PWID, arguing that the Commonwealth failed to proffer sufficient proof that he possessed the crack cocaine with the intent to deliver it. Appellant argues that the jury should have believed his testimony that he possessed the cocaine for personal use, based on the following facts: (1) the 12.81 grams of cocaine "was not an enormous amount[,]" (2) the Commonwealth's expert testified that it was possible to possess that much cocaine for personal use, (3) the drugs were not packaged for sale and there was no drug distribution paraphernalia recovered, (4) he testified that he possessed $516 from his monthly Social Security disability check and was planning to use that money to buy a "bulk amount" of crack cocaine for his personal use, (6) no police

- 3 -

officer witnessed Appellant sell drugs or was informed that Appellant sold drugs, and (7) Appellant did not admit to selling drugs. **See** Appellant's Brief at 25-31.

Appellant essentially asks this Court to view the evidence in the light most favorable to him, and to make credibility determinations different from those reached by the jury. Our standard of review does not permit this Court to do either. **See Koch**, 39 A.3d at 1001; **Commonwealth v. Shaver**, 460 A.2d 742, 745 (Pa. 1983) (citations omitted) ("It is solely the province of the trier of fact to pass upon the credibility of witnesses and to give it such weight as may be accorded to the evidence therein produced. The factfinder is free to believe all, part or none of the evidence.").

Instead, viewing the evidence in the light most favorable to the Commonwealth, as we must, we conclude that it was reasonable for the jury to infer that Appellant intended to sell the crack cocaine. Namely, Appellant was stopped in an area known for drug activity and immediately became confrontational when approached by police. In his possession, Appellant had a large quantity of cash ($516), yet admitted to the officers that he did not have a job. Appellant also possessed 12.81 grams of crack cocaine. The Commonwealth's expert in narcotics trafficking testified that such a large amount of cocaine indicated that Appellant intended to sell the drugs. N.T.

Trial, 5/28/13-5/30/13, at 94-95.[2]  Moreover, while the drugs were not packaged in a manner typical for sale, Appellant had no use paraphernalia in his possession, and he did not appear to the arresting officers to be under the influence of any drugs.  *Id.* at 80.  We conclude that these facts were sufficient to permit the jury to infer that Appellant possessed the crack cocaine with the intent to deliver it.  *See Commonwealth v. Brown*, 904 A.2d 925, 932 (Pa. Super. 2006) (finding evidence sufficient to prove the appellant possessed cocaine with intent to deliver it where he fled from police; police recovered a plastic bag containing one "large chunk" of cocaine totaling 5.71 grams; the defendant had $308 on his person, yet told police he was unemployed; one officer "had knowledge of [the defendant] and his activities" as a result of the officer's surveillance of "different drug dealers in the area;" and, based on these facts, an expert in narcotics trafficking testified that the defendant intended to sell the cocaine).  Accordingly, Appellant's conviction for PWID must stand.

Appellant next challenges the legality of his sentence, arguing that application of the mandatory minimum term set forth in 18 Pa.C.S. §

---

[2] While Appellant is correct that the officer conceded the drugs could have been possessed for personal use, he did so reluctantly.  On cross-examination, the officer was asked, "Is it possible for a person to have this amount of crack cocaine on their person for personal use and not to deliver it?"  The officer replied: "Anything is possible[,] but in 18 years I've never seen it."  *Id.* at 99.

7508(a)(3)(ii)[3] violated the United States Supreme Court's holding in

***Alleyne v. United States***, 133 S.Ct. 2151 (2013).

_____

[3] That mandatory minimum sentencing statute states, in pertinent part:

> **(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:
>
> …
>
>> (3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:
>
>> …
>
>>> (ii) when the aggregate weight of the compound or mixture containing the substance involved is at least ten grams and less than 100 grams; three years in prison and a fine of $15,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: five years in prison and $30,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; and
>
>> …
>
> **(b) Proof of sentencing.--**Provisions of this section shall not be an element of the crime. Notice of the applicability of this section to the defendant shall not be required prior to conviction,

*(Footnote Continued Next Page)*

According to the **Alleyne** Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The **Alleyne** decision, therefore, renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard.

**Commonwealth v. Thompson**, 93 A.3d 478, 493-494 (Pa. Super. 2014)

(quoting **Commonwealth v. Watley**, 81 A.3d 108, 117 (Pa. Super. 2013)

(footnote omitted)). The trial court, however, argues that Appellant's

sentence is not illegal under **Alleyne**, reasoning:

As to the weight of the cocaine, the defense stipulated at trial that the substance [Appellant] admitted to possessing weighed 12.81 grams. In support of the stipulation, a crime lab report was admitted into evidence without objection. Defense counsel even admitted in his closing argument to the jury that the weight of the cocaine was 12.81 grams. Because of the stipulation and defense arguments, the weight of the substance was never at issue and the sentence imposed is not illegal.

TCO at 2.

*(Footnote Continued)* ─────────────────

but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S. § 7508(a)(3)(ii), (b).

Recently, in **Commonwealth v. Fennell**, 2014 WL 6505791 (Pa. Super. November 21, 2014), this Court held that 18 Pa.C.S. § 7508 is unconstitutional in its entirety under **Alleyne** and this Court's *en banc* decision in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) (holding that 18 Pa.C.S. § 9712.1, which has the same format as section 7508, is unconstitutional in its entirety in light of **Alleyne**). **See also Commonwealth v. Cardwell**, 2014 WL 6656644 (Pa. Super. November 25, 2014) (holding that 18 Pa.C.S. § 7508 is unconstitutional for the same reasons as set forth in **Fennell**). The **Fennell** Court further clarified that the defendant's stipulation during trial to the type and total weight of the narcotics he possessed did not render the **Alleyne** error harmless where the statute was unconstitutional, as a whole. **Fennell**, 2014 WL 6505791, at *5-6.

In light of **Alleyne**, **Newman**, and **Fennell**, it is clear that Appellant's mandatory minimum sentence imposed pursuant to 18 Pa.C.S. § 7508 is illegal. Consequently, while we affirm Appellant's underlying convictions, we vacate his judgment of sentence and remand for resentencing, without imposition of a mandatory minimum term.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Allen joins this memorandum.

Judge Bowes files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/20/2015</u>