J-A31005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TANNIA AURORA JAUREGUI, | |
| Appellant | No. 59 EDA 2016 |

Appeal from the Judgment of Sentence Entered November 24, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-SA-0000332-2015

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                      **FILED JANUARY 04, 2017**

Appellant, Tannia Aurora Jauregui, appeals from the judgment of sentence of fines totaling $164, imposed after she was convicted of driving an unregistered vehicle, 75 Pa.C.S. § 1301(a), and driving in violation of the maximum speed limits, 75 Pa.C.S. § 3362(a)(3).  We affirm.

The trial court summarized the facts and procedural history of this case, as follows:

> On January 21, 2015 at approximately 9:24[]AM, Officer Anthony Aloi of the Swarthmore Borough Police Department was on duty monitoring the speed of vehicles in a marked patrol vehicle on Michigan Avenue and School Lane in Swarthmore Borough, Delaware County, Pennsylvania.  At this date and time, Officer Aloi clocked a red sedan (the Vehicle) traveling westbound on Michigan Avenue at 52.3 [miles per hour (mph)] in a 25 mph speed zone.  When Officer Aloi saw the Vehicle,

---

[*] Former Justice specially assigned to the Superior Court.

[his] patrol vehicle was parked on School [Lane]. The patrol vehicle was approximately 35 to 40 feet from the intersection of Michigan Avenue. The intersection was a "T" intersection. [Appellant] was traveling on Michigan Avenue. Officer Aloi testified that at this time, he had a clear view of the speed lines and nothing obstructed his view. Officer Aloi identified the Vehicle's driver as [Appellant].

Officer Aloi testified [that] on this day, he used a Robic Speed Timing Device, Serial No. SB5R, a certified device up to calibration, and 90 foot speed lines. Officer Aloi explained that when he "clocked" the Vehicle from "line to line," he pushed the button on the speed timing device when he saw the Vehicle's front tires [strike] the first line and pushed the button again when he saw the Vehicle's front tires striking the second line. Officer Aloi testified that the distance of 90 feet is equivalent to .017 miles. Officer Aloi testified that the speed timing device beeps when he pushes the button. Officer Aloi further testified that the speed timing device calculated that there was 1.17 seconds between [the Vehicle's] striking the first line and the second line. Therefore, the speed of the Vehicle was 52.3 mph.

Then, Officer Aloi performed a traffic stop of the Vehicle. Officer Aloi testified that there was a passenger in the Vehicle, but [he] did not recall seeing anything on the passenger's lap. During the traffic stop, Officer Aloi checked [Appellant's] vehicle registration through NCIC and learned the registration was expired. Officer Aloi issued two citations to [Appellant] for the excessive speed violation, 75 Pa. C.S.A. §3362(a)(3), and for the expired vehicle registration, 75 Pa. C.S.A. §1301(a).

\*\*\*

On behalf of [Appellant], Mercedes Palma (Ms. Palma), [Appellant's] mother, testified that on the time and date in question, she was the passenger in [Appellant's] [v]ehicle. Ms. Palma further testified that while [she was] in the Vehicle, she had her white dog in her lap. Ms. Palma testified that they were going to the vet because the dog was bleeding. Ms. Palma further testified that she intermittently looked at the speedometer as [Appellant] drove on Michigan Avenue because she was in a catastrophic vehicle accident many years ago. Ms. Palma testified that while traveling on Michigan Avenue, the Vehicle was not going more than 25[]mph. Ms. Palma testified

that she saw the patrol vehicle crossing School Lane while traveling on Michigan Avenue.

[Appellant also testified and] denied driving on Michigan Avenue in excess of 25[]mph on the date and time in question. [Appellant] testified that while traveling on Michigan Avenue, she looked at her speedometer. [Appellant] further testified that in the morning on the date in question, she was at the vet and had a receipt for the visit. [Appellant] introduced [into evidence] a photograph of the intersection of School Lane and Michigan Avenue and a photograph of Michigan Avenue, which were admitted. [Appellant] testified that Officer Aloi's patrol vehicle was not parked at the corner of School Lane and Michigan Avenue, but rather [it] was parked "all the way down School Lane." [Appellant] testified that there was a stop sign on Michigan Avenue where it intersects with a street two blocks before School Lane. [Appellant] could not recall the name of the street and testified that she would not have stopped at this stop sign and[] then[] accelerate[d] the Vehicle to 50 mph before arriving at the School Lane intersection.

Trial Court Opinion (TCO), 1/27/16, at 1-2, 4-5 (citations to the record omitted).

After hearing this evidence, "[t]he trial court found Officer Aloi's testimony to be extremely credible" and, thus, it convicted Appellant of the above-stated offenses. *Id.* at 9. That same day, the court sentenced Appellant to pay fines totaling $164. She filed a timely notice of appeal, and also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a responsive opinion on January 27, 2016. Herein, Appellant presents four questions for our review:

1. Did the [trial] [c]ourt abuse its discretion [by] convicting [Appellant] when the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] was speeding in light of uncontroverted testimony from a passenger-witness that [Appellant] was not speeding, and physical evidence that Officer Aloi could not observe the "traffic lines"?

- 3 -

2. Did the [trial] [c]ourt commit an error of law when it sustained a conviction for speeding tracked for a 90[-]feet distance when 75 Pa[.C.S.] §3368(a) specifically states the distance can be "not less than three tenths of a mile[]"[?]

3. Did the [trial] [c]ourt commit [an] error of law when it sustained a conviction for an expired registration when there was no probable cause to have stopped [Appellant,] making the evidence fruit of the poisonous tree?

4. Did the [trial] [c]ourt abuse its discretion when it denied [Appellant's] procedural due process rights to present argument and closing argument?

Appellant's Brief at 5.

Appellant's first three issues challenge the sufficiency of the evidence to sustain her convictions.

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno,* 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell,* 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant first contends that the evidence was insufficient to support her speeding conviction because both she and Ms. Palma testified that she was not speeding and that Officer Aloi was parked in a location where he could not possibly have been able to see the speed lines. Essentially, Appellant is complaining that the trial court should have credited her and her mother's testimony rather than that of the officer. Attacks on credibility

determinations are challenges to the weight, not the sufficiency, of the evidence. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997). Moreover, the trial court was free to believe the officer's testimony and discount the self-serving claims of Appellant and her mother, Ms. Palma. *Commonwealth v. Caban*, 60 A.3d 120, 132 (Pa. Super. 2012) ("[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.") (citation omitted). Thus, Appellant's argument does not demonstrate that the evidence was insufficient to sustain her speeding conviction.

In Appellant's next issue, she contends that the evidence was insufficient to prove that she was speeding because Officer Aloi only clocked her speed for a distance of 90 feet, when 75 Pa.C.S. § 3368(a) requires a police officer to clock a driver's speed for "not less than three tenths of a mile." Appellant's Brief at 15. Section 3368(a) reads:

> **(a) Speedometers authorized.--**The rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer. In ascertaining the speed of a vehicle **by the use of a speedometer**, the speed shall be timed for a distance of not less than three-tenths of a mile.

75 Pa.C.S. § 3368(a) (emphasis added).

Clearly, section 3368(a) applies when an officer is clocking a driver's speed by using the speedometer in the police vehicle. Here, Officer Aloi did not use his speedometer, but instead he utilized a "Robic Speed Timing Device." TCO at 2. The use of speed timing devices is regulated by section

3368(c), not (a). Accordingly, Appellant's argument that her speeding conviction cannot stand because the officer violated section 3368(a) is meritless.

Next, Appellant contends that the evidence was insufficient to support her conviction of driving an unregistered vehicle because the evidence that her registration had expired was only discovered after Officer Aloi unlawfully stopped her vehicle. Appellant avers that the vehicle stop was illegal because Officer Aloi "was unable to observe the speed lines he used to track the speeding[,]" and because he violated 75 Pa.C.S. § 3368(a) by not tracking her speed for three-tenths of a mile. Thus, according to Appellant, the officer lacked probable cause or reasonable suspicion to validate the traffic stop. However, Appellant did not file a motion to suppress the evidence that her registration had expired. Consequently, she cannot now claim that the court erred by considering that evidence in convicting her of driving an unregistered vehicle.[1]

Lastly, Appellant argues that the trial court "abused its discretion when it denied [her] procedural due process rights to present [a] closing

---

[1] Even had Appellant filed a motion to suppress, her claim that the traffic stop was illegal is clearly meritless. Again, section 3368(a) does not apply to the facts of this case, and the court was free to believe Officer Aloi's testimony that he could see the speed lines. Accordingly, when Officer Aloi clocked Appellant's speed and determined that she was driving 52.3 miles per hour (mph) in a 25 mph speed zone, he clearly possessed probable cause to stop her vehicle.

argument." Appellant's Brief at 19 (emphasis omitted). We need not delve into the specifics of Appellant's argument, as the court points out - and the record confirms - that she never asked to present a closing argument, nor did she object when the court rendered its verdict without closing arguments being given by either party. *See* TCO at 11 (citing N.T. Trial, 11/24/15, at 60-61). Because Appellant never raised before the trial court the purported violation of her due process rights, she has waived that claim for our review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017