**COMMONWEALTH of Pennsylvania**

v.

**Jere David HARTZELL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 2009.

Filed Dec. 9, 2009.

John Molnar, Wind Gap, for appellant.

BEFORE: FORD ELLIOTT, P.J., PANELLA AND FREEDBERG, JJ.

OPINION BY FORD ELLIOTT, P.J.:

¶ 1 This is an appeal from a judgment of sentence imposed upon appellant after he was convicted in a jury trial of two counts each of recklessly endangering another person ("REAP") and harassment. We affirm.

¶ 2 On April 28, 2007, Vernon Barlieb traveled from his home to an approximately 140–acre piece of property he owned nearby, located off of Kunkletown Road, in Monroe County. Barlieb was accompanied by his neighbor, Jonathan Strohl, and had enlisted Strohl's company due to fears he had about visiting his property alone; a fear that was the product of several encounters with appellant, who owned, and lived upon, property adjacent to Barlieb's parcel. Access to both properties was provided by a dirt road which was situated upon Barlieb's property and proceeded from Kunkletown Road approximately 1000 feet to the Buchwa Creek, where a bridge is located. The bridge was gated and provided access to the bulk of the Barlieb tract. Appellant's nearly one-acre plot fronted the dirt road and abutted Buchwa Creek. On several occasions, when anyone would come down the dirt road or approach the gate, appellant would exit his property, snap photos of the "intruders," and utter curse words in their direction. Occasionally, Barlieb also believed he heard gunshots fired as he drove away, although he had never actually observed appellant firing a gun.

¶ 3 On April 28, 2007, Barlieb and Strohl arrived at the gate, opened it, and proceeded across the bridge then returned on foot to lock the gate. While standing on the bridge, the two men were observing the creek and surrounding area for a few moments. At that time, appellant, as before, exited his house while shouting obscenities and approached Barlieb and Strohl's location. However, on this occasion, when appellant was approximately 30 yards from the bridge and near the bank of the creek, he suddenly began discharging a semi-automatic rifle into the stream below the bridge near where the two men were standing, as evidenced by Barlieb's observation of the splashes created by the bullets entering the stream. After shooting several bullets into the stream, appellant stopped, entered the house, and returned shortly thereafter with another clip of ammunition and discharged several more rounds into the creek. During this time, Barlieb remained on the bridge "petrified," not sure of what to do in response to the situation. When the shots ceased, Barlieb quickly locked the gate and the two men entered the vehicle and drove

away from that location, ultimately exiting his property through a neighbor's parcel of land.[1] Within a few hours, Barlieb went to the local Pennsylvania State Police barracks and reported the incident.

¶ 4 Appellant was not charged in relation to the incident until August 1, 2007. At that time, a criminal complaint was filed charging appellant with simple assault, REAP, and harassment. On May 12, 2008, appellant was convicted of the above-listed offenses; he was acquitted of the two counts of simple assault. On July 22, 2008, appellant was sentenced to two years' probation. A timely post-sentence motion filed, which was denied on October 16, 2008. The present, timely appeal followed.

■■■ ¶ 5 Appellant lists seven numbered issues in his statement of questions involved; however, issues one, four, five, and six essentially raise, in various iterations, challenges to the sufficiency of the evidence. Prior to addressing this issue, we will recite our standard of review:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and in-

conclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.... Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part, or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. McClendon,* 874 A.2d 1223, 1228–1229 (Pa.Super.2005).

■■ ¶ 6 Recklessly endangering another person is defined as follows:

> A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury.

18 Pa.C.S.A. § 2705. Appellant primarily argues that the offense of REAP was not made out because the Commonwealth failed to establish that Barlieb and Strohl were placed in danger by appellant's actions. We disagree. The testimony established that from a distance of approximately 30 yards, appellant fired into the creek near the bridge, approximately 25 to 30 feet away from the men's location on the bridge. Although appellant may not have pointed the weapon directly at the two men, it was pointed in their general direction. Moreover, the evidence established that the water was rather shallow and there were rocks in the stream. (Notes of testimony, 5/12/08 at 29.) Thus,

---

1. Barlieb testified that there was a gate across the dirt road accessing the adjacent owner's tract of land and that the gate was frequently locked by the neighbor, but was open on the day in question. Given that the gate was frequently locked, this avenue of egress was not viewed as a readily available alternative for him to access his own land.

it is hardly inconceivable that a bullet fired into the stream nearby could have struck a rock or other object and deflected up and hit one of the two men. The act of merely pointing a loaded gun at another has been deemed sufficient to support a conviction for REAP, *Commonwealth v. Reynolds,* 835 A.2d 720 (Pa.Super.2003), as has the brandishing of a loaded handgun during the commission of a crime. *Commonwealth v. Hopkins,* 747 A.2d 910 (Pa.Super.2000). Given these two examples, it is not difficult to conclude that the actual discharging of a weapon numerous times in the vicinity of others constitutes a sufficient danger to satisfy the REAP statute.

¶ 7 Appellant further points out that the Commonwealth must establish a conscious disregard of a known risk. (Appellant's brief at 16.) Here, once the risk of serious bodily injury or death is established, conscious disregard flows readily from the evidence as appellant not only purposefully shot into the water near the men but he reloaded the weapon and fired a second salvo of shots. Moreover, the cursing and shouting of obscenities at the men demonstrates that appellant was fully aware the men were on the bridge. These facts establish that appellant acted not only consciously but, indeed, with specific intent. Thus, we conclude the necessary elements for establishing the offense of REAP were met at trial.

■ ¶ 8 Harassment is defined by statute, in parts relevant to the within case, thusly:

> **(a) Offense defined.**—A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> \*     \*     \*
>
> (3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;
>
> (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

18 Pa.C.S.A. § 2709(a)(3), (4).[2]

¶ 9 We note that subsection (a)(4) is relatively new,[3] and thus, we have found no cases construing that proscription. Nevertheless, the evidence established that appellant exited his house, approached the men, and shouted obscenities at them. Thus, appellant communicated to another person obscenities, thereby satisfying one obvious element of subsection (a)(4). Additionally, the totality of the circumstances permits the inference that the obscenities were shouted with the intent to harass, annoy, or alarm the two men. This conclusion can be reached by considering that appellant did this frequently when anyone would travel down the road near his home along with taking photos of them.

¶ 10 Furthermore, the act of firing the weapon in the direction of the two men logically supports the inference that that act was done to either alarm, threaten, or harass the two men. Given this, it is an easy step to conclude that the shouting of obscenities was done with similar intent. Additionally, although this was Mr. Strohl's first encounter with appellant, at

---

2. Appellant was charged with harassment as to both men. The paragraph charging harassment as to Barlieb indicated that appellant violated subsection (a)(4) whereas the paragraph charging harassment as to Strohl indicated that appellant violated subsection (a)(3). However, the language under the statutory citation tracked subsection (a)(4) as to both men. The court instructed as to both subsections without delineating which subsection applied to which man. Appellant lodged no objection to the court's instruction.

3. The current version of 18 Pa.C.S.A. § 2709 was passed in 2002 by Act 2002–218.

least as it related to Mr. Barlieb, appellant, via the above acts on a repeated basis, undertook a course of conduct which served no legitimate purpose with the intent of annoying or harassing another. Thus, at least as to Mr. Barlieb, the evidence supported the conviction under subsection (a)(3), as well.

¶ 11 Appellant further asserts that the court erred in failing to dismiss the charges as *"de minimis"* infractions pursuant to 18 Pa.C.S.A. § 312. That section provides:

### § 312. De minimis infractions

(a) **General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:

(1) was within a customary license or tolerance, neither expressly negatived by the person whose interest was infringed nor inconsistent with the purpose of the law defining the offense;

(2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(3) presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense.

18 Pa.C.S.A. § 312. In contending that the charges should have been dismissed by the court as *"de minimis"* infractions,

appellant argues that "there was absolutely no threat or harm that occurred." (Appellant's brief at 15.) We cannot agree.

¶ 12 Appellant fired a rifle into the creek in the vicinity of the men for no constructive purpose. As mentioned previously, in so doing, he risked the possibility that a bullet might strike a hard object and ricochet and strike one of the two men. While such an occurrence might have been deemed a remote possibility, news accounts attest to the fact that odd, even freakish accidents do occur and take the lives of innocent individuals. When weighed against the utter lack of constructive purpose, such risk cannot be condoned. Thus, the infractions at issue here cannot be thought of as *de minimis* under the applicable statute.

¶ 13 Appellant also contends that error was committed in admitting documentary evidence first presented to him immediately prior to trial and also in failing to grant a continuance. Appellant has provided only one short paragraph in support of each of these two issues, neither of which contains any citation to authority. As such, we find these two issues waived. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super.2005).[4]

¶ 14 Judgment of sentence affirmed.

---

4. We further note that appellant's entire "Argument" section of his brief is in violation of the rules of appellate procedure as he has failed to separate and delineate the argument to correspond to the issues raised in the statement of questions involved. *See* Pa.R.A.P.

2119. However, as the bulk of the argument was directed at the sufficiency of the evidence issues, those issues were readily discernible and adequately supported. As such, as to those issues, we find no waiver.