J-S96012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LACY COLBERT, | |
| Appellant | No. 249 WDA 2016 |

Appeal from the Judgment of Sentence Entered February 16, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009509-2014

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JANUARY 26, 2017**

Appellant, Lacy Colbert, appeals from the judgment of sentence of an aggregate term of 10 to 20 years' incarceration, imposed after he was convicted of robbery, 18 Pa.C.S. § 3701, possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105, and theft by unlawful taking, 18 Pa.C.S. § 3921.  On appeal, Appellant challenges the trial court's denial of his pretrial motion to suppress evidence, as well as the sufficiency of the evidence to sustain his firearm and robbery convictions.  After careful review, we affirm.

The trial court summarized the facts of Appellant's case, as follows:

> This matter arises out of the arrest of [Appellant] on July 7, 2014[,] after an armed robbery of a store in McKeesport, Pennsylvania.  [Appellant] filed an Omnibus Pretrial Motion seeking to disclose the identity of the person who supplied [his] name as a possible suspect and to suppress his statement given to police immediately after his arrest.  At the suppression hearing held on February 5, 2015, the Commonwealth presented the testimony of Officer [Christopher] Halaszynski of the

McKeesport police department[,] who testified that immediately after [Appellant's] arrest on July 7[, 2014,] he was taken to police headquarters where he was [provided **Miranda**[1] warnings] and [he] signed a McKeesport Police Rights Warning Form acknowledging his rights. [Appellant] then gave a handwritten statement describing his involvement in the robbery. The statement stated:

"Ms. Joe, I would like to humble (sic) apologize for my actions today. I have a drug & alcohol problem. You always treated me fair. My attentions (sic) was never ment (sic) to hurt you or anyone else. I hope that one day you can forgive me for my actions. I feel very rueful, but I got down on myself. I lossed (sic) my mom to cancer and I just need help. Please understand that I feel very remorseful for what I did."

On cross-examination Officer Halaszynski acknowledged that at the time that [Appellant] was apprehended he was at his wife's residence and that a gun seized at that time was registered to [Appellant's] wife. He also acknowledged that he indicated to [Appellant] that it would be helpful to his wife if he cooperated and made a statement in order to exclude her from any involvement in the crime. Officer Halaszynski denied physically threatening or harming [Appellant] to obtain his statement.

[Appellant] testified that the reason that he gave the statement was because Officer Halaszynski threatened to charge his wife with obstruction of justice if he did not make a statement and admit to the robbery. [Appellant] acknowledged, however, that he was read his **Miranda** rights and acknowledged that it was his handwriting, in part, that appeared on the written statement. On February 10, 2015[,] an order was entered denying the motion to suppress and denying the request for the identity of [the] informant.[2]

---

[1] **Miranda v. Arizona**, 86 S.Ct. 1602 (1966).

[2] It is pertinent to note that, after Appellant's initial motion to suppress was denied, he obtained new counsel, who filed a second motion to suppress on September 29, 2015. Therein, counsel argued that Appellant's arrest was

*(Footnote Continued Next Page)*

At trial it was agreed that the case would proceed as a stipulated non-jury trial and the Commonwealth admitted into evidence [Appellant's] record showing his prior conviction for felony robbery on June 9, 1999; the Consent to Search and **Miranda** Rights Warning form executed by [Appellant's] wife, Aneissa Colbert['s] authorizing the search of [Appellant's] residence; photographs of the firearm and clothing found in [Appellant's] residence; a **Miranda** Rights Warning Form signed by [Appellant] and [Appellant's] written statement; the video surveillance film and two still pictures taken from the video; and, the police incident reports prepared by Officers Angert and Halaszynski. The video surveillance showing the robbery was also played.

The police incident report prepared by Officer Halaszynski described his investigation and indicated that he was dispatched to Jo's Coffee Shop at 3100 Versailles Avenue at 9:30 a.m. on July 7, 2013 for an armed robbery. The information given was that the suspect was described as a black male, 5' 8" to 5' 10", approximately 270 lbs. with close cut hair. The suspect had a dark colored scarf covering his head and was wearing a black t-shirt, blue jeans and … tan boots. Officer Halaszynski interviewed the victim who indicated that she was standing behind the counter of the store when the suspect walked in with a scarf over his head. Although she told him to remove the scarf, the suspect ignored her and then pointed a small revolver at her and then walked behind the counter and removed the currency from the counter drawer. The suspect then fled the store. The victim indicated that it appeared that the actor was wearing a latex glove on one hand. Further, Officer Halaszynski noted that: [the] "victim also stated that she could see the actor's face and stated that she knows the actor from coming into the store. The victim states that she does not know this man's name, but he comes in often and is approx. 40 years old."

_(Footnote Continued)_ ────────

illegal because it was based only on an anonymous tip that he was involved in the robbery of the coffee shop. A second suppression hearing was conducted on January 7, 2016, which we will discuss in more detail _infra_. Ultimately, the court denied Appellant's motion to suppress, concluding that his arrest was supported by probable cause. **See** N.T. Hearing, 1/7/16, at 11.

Officer Halaszynski further indicated that he viewed the security video of the robbery which confirmed the information given by the victim, including the fact that the actor was brandishing a small revolver. Based on information received from an unidentified source, Officer Halaszynski [stated]:

"I looked up the name Lacy in our ALERT system and located a Lacy Colbert Lamar of 2715 Atchison Street. Lacy is a 43 year old and approximately 5'11" in height. Atchison Street is just a short few blocks away from Jo's Coffee Shop. I then looked up a photo of Lacy Colbert in JNET and discovered there was a very close resemblance to the actor in this armed robbery."

Officer Halaszynski then described that he and other officers proceeded to [Appellant's] address and[,] after being admitted to the house by [Appellant's] wife, [Appellant] was discovered in a second floor bedroom where he was taken into custody. [Appellant] then gave the written statement as described above. In addition, after obtaining consent to search the residence from [Appellant's] wife, the officers found a Titan Tiger .38 revolver tucked in a couch in the living room. Although the gun was not loaded, they also found a gun holster, two live .38 rounds, black/brown boots and one latex glove. In addition, located in the upstairs bedroom was $63.00 and a dark green and white scarf that resembled the one used in the robbery to cover the actor's head. In addition, [Appellant's] wife informed the officers that [Appellant] had come into the house around 10:00 o'clock wearing the blue jeans, the black shirt and the boots. Finally, [Appellant's] wife informed the officers that she was the owner of the gun and that it was registered to her. After considering all of the evidence, [Appellant] was found guilty as set forth above.

Trial Court Opinion (TCO), 7/14/16, at 2-5 (citations to the record omitted).

Appellant was sentenced to the aggregate term stated *supra*, and he filed a timely notice of appeal. Appellant also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed a responsive opinion on July 14, 2016. Herein, Appellant presents three issues for our review:

- 4 -

[I.] Did the trial court err when it denied Appellant's Motion to Suppress where evidence was obtained subsequent to an anonymous tip, where [Appellant's] custodial detention was illegal and where [Appellant's] statement was not knowing, intelligent and voluntary?

[II.] Did the trial court err when it denied Appellant's Motion for Judgment of Acquittal where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] was the individual who robbed the coffee shop?

[III.] Did the trial court err when it denied Appellant's Motion for Judgment of Acquittal where the Commonwealth failed to prove beyond a reasonable doubt that [Appellant] possessed a firearm?

Appellant's Brief at 4.

Appellant first challenges the trial court's denial of his motion to suppress.

In reviewing an order from a suppression court, we consider the Commonwealth's evidence, and only so much of the defendant's evidence as remains uncontradicted. We accept the suppression court's factual findings which are supported by the evidence and reverse only when the court draws erroneous conclusions from those facts.

*Commonwealth v. Hoopes*, 722 A.2d 172, 174-75 (Pa. Super. 1998).

Preliminarily, it is clear from the record before us that Appellant was subjected to a warrantless arrest, rather than an investigative detention, when he was discovered inside Mrs. Colbert's home. *See* TCO at 3 (discussing Officer Halaszynski's acknowledgment that Appellant was apprehended when he was discovered inside his wife's home); Affidavit of Probable Cause, 7/7/14, at 2 (stating that after Appellant was discovered inside Mrs. Colbert's home he "was taken into custody and brought to the station"). Thus, Officer Halaszynski was required to possess probable cause

to justify that arrest. ***See In Interest of O.A.***, 717 A.2d 490, 495 (Pa. 1998) ("In order to be constitutionally valid under the Fourth Amendment to the United States Constitution, a warrantless arrest must be supported by probable cause."). This Court has summarized that:

> Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.
>
> Probable cause justifying a warrantless arrest is determined by the totality of the circumstances.
>
> Probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent men act. It is only the probability and not a *prima facie* showing of criminal activity that is a standard of probable cause. To this point on the *quanta* of evidence necessary to establish probable cause, the United States Supreme Court recently noted that finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision.

***Commonwealth v. Dommel***, 885 A.2d 998, 1002 (Pa. Super. 2005) (internal citations, quotation marks, and brackets omitted).

Here, in Appellant's second motion to suppress, and at the second suppression hearing held on January 7, 2016, he averred that his arrest was illegal because Officer Halasyznski's statements in the affidavit of probable cause demonstrated that the officer arrested Appellant based only on an

anonymous tip that Appellant was involved in the robbery of the coffee shop.[3]  **See** Motion to Suppress, 9/29/15, at ¶ 5 (pages unnumbered); N.T. Hearing, 1/7/16, at 4, 5, 6-7.   He reiterates this argument on appeal, claiming that, before arresting him, "[p]olice had nothing more than an uncorroborated anonymous tip that someone named 'Lacy' may have been involved in the robbery at the coffee shop."  Appellant's Brief at 16. Appellant contends that the anonymous tip was insufficient to provide Officer Halaszynski with probable cause to arrest him and, thus, the court was required to suppress the evidence found inside Mrs. Colbert's home, and the statement he made to police after his illegal arrest.  **See id.** at 15.

In rejecting Appellant's claim that his arrest was illegal, the suppression court concluded that Officer Halaszynski had other information, in addition to the anonymous tip, that provided him with probable cause to arrest Appellant.  **See** N.T. Hearing, 1/7/16, at 10-11.  The record supports the court's conclusion.  Namely, in the affidavit of probable cause, which

---

[3] For the first time on appeal, Appellant presents a novel challenge to the legality of the alleged detention of *his wife*, Mrs. Colbert.  **See** Appellant's Brief at 14.  Appellant contends that his wife was illegally detained and, thus, her subsequent consent to allow the police to enter and search her home was invalid.  **Id.**  Even if Appellant had standing to challenge the legality of the ostensible detention of his wife, he did not raise this issue, nor challenge the validity of Mrs. Colbert's consent to enter and search, before the suppression court.  Accordingly, these claims, made by Appellant for the first time on appeal, are waived.  **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Appellant repeatedly cited at the second suppression hearing, Officer Halaszynski provided the following, verbatim, statement about the information he knew prior to arresting Appellant:

> 1. On July 7, 2013 approx. 09:33 hrs., McKeesport police was dispatched to Jo's Coffee Shop 3100 Versailles Ave. for a armed robbery that just occurred. Information was given over the air that actor involved is a black male, 5'08" to 5'10", approx. 270 lbs with close cut hair. The actor had a dark color scarf covered over his head, black t-shirt, tan boots and blue jeans. Multiple units canvassed the area for the actor but with negative results. I then went to Jo's Coffee Shop and spoke to the victim/owner JoMarie Piccini. Victim explains that while she was behind the counter this actor walked into the store with a dark scarf over his. Victim stated she told him to remove the scarf but the actor ignored her. The victim stated the actor was holding a small revolver in his hand. Actor did not say anything to the victim but continued to point the gun at her as he walked behind the counter. Actor then opened the counter drawer himself and removed approx. $140 in U.S. currency. Actor then calmly exited the store. Piccini stated it also looked as if the actor possibly wore a latex glove on one of his hands. Victim also stated that she could see the actors face and stated she knows the actor from coming into the store. The victim stated she does not know this males name but he comes in often and is approx. 40 years old.
>
> I then viewed the store security video of this robbery. The details given by the victim were parallel to what was viewed on the camera. Actor appeared to be wearing brown boots, blue jeans, black shirt, one latex glove on one hand and a blue and white scarf on his head. The actor was also viewed brandishing a small revolver.
>
> 2. I called DA's Crime Scene Unit out approx. 10:15 hrs. to process this scene and dust for latent prints. CSU arrived at 3100 Versailles Ave. approx. 10:50 hrs. and processed this robbery scene. Any latent prints recovered will evaluated and process.
>
> 3. I then received information that a possible suspect involved in this robbery is a black male by the name of 'Lacy'. The

information received stated that Lacy is approx. 40 years old that has a heroin addiction. Information also stated that Lacy lives close to Jo's Coffee Shop.

I looked up the name Lacy in our ALERT system and located a Lacy Lamar Colbert of 2715 Atchison St. Lacy is 43 years old and approx. 5'11" in height. Acthison St. is also just a short few block away from Jo's Coffee Shop. I then looked up a photo of Lacy Colbert in JNET and discovered there was a very close resemblance to the actor in this armed robbery.

Affidavit of Probable Cause, 7/7/14, at 2.

The affidavit of probable cause confirms that Officer Halaszynski did not premise Appellant's arrest solely on an anonymous tip. Instead, the officer had ample other information corroborating that tip. For instance, Officer Halaszynski had a general description of the armed robber that matched Appellant's race, sex, general height, and approximate age. Additionally, the victim told the officer that the robber frequented her shop often, which aligned with Appellant's living in close proximity to the shop. Most importantly, the officer compared video footage of the armed robber to a photograph of Appellant and found there to be a "very close resemblance." *Id.* We agree with the trial court that the totality of these circumstances provided Officer Halaszynski with probable cause to arrest Appellant. Accordingly, the trial court did not err in denying Appellant's motion to suppress.

In Appellant's remaining two issues, he challenges the sufficiency of the evidence to support his robbery and firearm convictions. We will address Appellant's claims together, beginning with our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, aside from setting forth the applicable standard of review, Appellant's entire argument pertaining to the sufficiency of the evidence to support his robbery and firearm convictions amounts to the following:

In the instant matter[,] the trial court necessarily engaged in speculation and conjecture. The video surveillance evidence submitted did not reveal the assailant's face. There was no forensic evidence linking Appellant to any of the items recovered from his residence. There was no forensic evidence linking any of the items recovered to the robbery itself. Finally, Appellant's alleged "confession" was nothing more than an apology to "Ms. Jo" in an effort to shield his wife from suspicion.

Even viewing the evidence in a light most favorable [to] the Commonwealth as the verdict winner[,] the Commonwealth failed to prove beyond a reasonable doubt that Appellant was the individual who robbed the coffee shop.

…

In the instant matter[,] the Commonwealth failed to prove beyond a reasonable doubt that Appellant was in possession of a firearm. The video surveillance footage submitted by the Commonwealth fails to show with any degree of reliability that the item in the assailant's hand was a "firearm" as defined by 18 Pa.C.S.A. § 6102. While the item recovered from the residence that belonged to Mrs. Colbert was a "firearm[,]" there was absolutely no credible evidence beyond a blurry surveillance

- 10 -

video to allow the fact finder to conclude beyond a reasonable doubt that the item was, in fact, a firearm. There was no forensic evidence linking Appellant to his wife's firearm and it was recovered in an entirely different section of the house.

Appellant's Brief at 18-19.

Appellant's argument is wholly unconvincing, as he completely disregards the abundance of evidence presented to the trial court, as the fact-finder. As the court's above-quoted summary of this case demonstrates, the evidence before the court showed that Appellant matched the general description of the robber provided by the victim, and he lived in close proximity to the coffee shop. Inside Appellant's wife's home, police recovered clothing matching that worn by the robber, and Appellant's wife told Officer Halaszynski that Appellant had arrived at her home, shortly after the time of the robbery, wearing that clothing. Police also found a scarf in Mrs. Colbert's home that was similar to the scarf worn by the robber in an attempt to conceal his face. Additionally, the search of Mrs. Colbert's home uncovered a small revolver and one latex glove, which corresponded with the victim's description of the gun used by the robber and her claim that the robber wore a glove on one of his hands. The court also viewed video surveillance footage of the robbery, and still pictures taken from that video.

Further, the most compelling evidence of Appellant's guilt was his own statements to police following his arrest. Appellant provided officers with a written apology to the victim for his "actions" that day, and stated that he was "very remorseful for what [he] did." **See** TCO at 3 (citation to the record omitted). In addition, Officer Halaszynski's affidavit of probable

cause, which was stipulated to by defense counsel and admitted into evidence at trial,[4] provided the following, verbatim, summary of statements Appellant made to the officer during his post-arrest interrogation:

> On July 7, 2014 approx. 14:40 hrs., I brought Lacy Colbert into the interview room and gave him a seat. With Det./Sgt. Alfer present I read Colbert his rights re. Miranda v. Arizona @ approx. 14:50 hrs. Lacy Colbert then signed a McKeesport police Rights Warning Form and agreed to speak to us. We spoke in depth to Lacy about this robbery. Lacy began to admit to this crime and gave specific details of this robbery that only the victim and actor would know. These details include the exact clothing he wore during this robbery. Lacy stated that he wore a black t-shirt, blue jeans and had on a dark green scarf to cover his head. Lacy stated that he also wore one plastic glove. Lacy also stated that the gun used in this robbery was not loaded. Lacy stated he walked into the store pointing the gun and never spoke to the victim. Lacy stated he went straight to the back counter and opened a drawer and took the money in it. Lacy stated he the exited the store. Lacys stated he thought it was approx. $50 to $100 in U.S. currency. Lacy stated the gun used in this robbery belongs to his wife. Lacy stated that he has a terrible drug problem and was only doing this to get money for it. Lacy stated he knows "Ms. Jo's" and feels very bad he did this.

Affidavit of Probable Cause, 7/7/14, at 3.

This evidence, viewed as a whole, was clearly sufficient to prove, beyond a reasonable doubt, that Appellant committed the robbery, and that he possessed a firearm while doing so. Thus, Appellant's challenges to the

_____

[4] **See** N.T. Trial, 2/16/16, at 12-13. We note that Appellant made no objection at trial, and presents no argument herein, that the contents of Officer Halaszynski's police report were hearsay.

sufficiency of the evidence to sustain his robbery and firearm convictions are meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/26/2017