J-S59005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LUIS R. QUINONES, | |
| Appellant | No. 804 EDA 2016 |

Appeal from the Judgment of Sentence Entered March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009610-2014

BEFORE:  BENDER, P.J.E., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 25, 2017**

Appellant, Luis R. Quinones, appeals from the judgment of sentence of an aggregate term of 5 years' probation, and a lifetime registration requirement under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, imposed after he was convicted of corruption of a minor, 18 Pa.C.S. § 6301(a)(1)(i), and indecent assault by forcible compulsion, 18 Pa.C.S. § 3126(a)(2).  On appeal, Appellant challenges the sufficiency of the evidence to sustain his indecent assault conviction, as well as the legality of his lifetime SORNA registration requirement.  After careful review, we reverse in part, and affirm in part.

The trial court summarized the facts of Appellant's case, as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

The Complainant, B.F., knew [Appellant] for a couple of years as his godfather. Notes of Testimony ("N.T.") Aug. 7, 2015, at 9. [Appellant] and B.F.'s mother were close friends. *Id.* [Appellant] would often sleep over [at] B.F.'s house where he shared a room with B.F.[,] who was eleven years old[,] and B.F.'s younger brother[,] who was four years old. *Id.* at 10, 39. Usually, when [Appellant] slept over at the house, if B.F. was sleeping in the bed, [Appellant] would nudge him to wake him up. *Id.* at 10-11. B.F. would then move from the bed and sleep on the sofa bed in the same room. *Id.* at 11. [Appellant] would sleep on the bed. *Id.*

On or about Father's Day [of] 2014, B.F. went to sleep in his bed at around 9:30 p.m. *Id.* at 9. … At approximately one or two in the morning, B.F. felt a hand rubbing around his buttocks and testicles under his pants, but over his underwear. *Id.* at 9. He woke up and saw [Appellant] lying next to him with his eyes closed. *Id.* B.F. told [Appellant] he was going to tell his mom. *Id.* at 12. [Appellant] then got up and ran out of the house. *Id.* B.F. then went to his mother's bedroom and told her what happened. *Id.* B.F.'s mother was in a very deep sleep and thought it was a dream. *Id.* at 23. The next morning[,] she asked B.F. about what he told her the night before. *Id.* at 12. B.F. told her again what happened and she called the police. *Id.* [Appellant] was arrested on June 30, 2014 and charged with unlawful contact with a minor, corruption of a minor, and indecent assault.

Trial Court Opinion (TCO), 11/10/16, at 2-3 (footnote omitted).

On August 11, 2015, Appellant proceeded to a nonjury trial, at the close of which the court convicted him of corruption of a minor and indecent assault by forcible compulsion. Sentencing was deferred for the preparation of a presentence report and an evaluation by the Sexual Offenders Assessment Board (SOAB). On November 17, 2015, Appellant was determined not to be a sexually violent predator, and he was sentenced to concurrent terms of five years' probation for his two convictions. The court also imposed a lifetime reporting requirement under SORNA.

Appellant filed a timely post-sentence motion, which the court denied. He then filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, Appellant presents two issues for our review:

[I.] Was the evidence insufficient to sustain a conviction of indecent assault?

[II.] Did the court err in requiring Appellant to register as a Tier III offender under 42 Pa.C.S.[] [§] 9799.15(a)(3)?

Appellant's Brief at 3 (unnecessary capitalization omitted).

Appellant first challenges the sufficiency of the evidence to sustain his conviction of indecent assault. To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant was convicted of indecent assault under 18 Pa.C.S. § 3126(a)(2), which states:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with

- 3 -

seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

…

(2) the person does so by forcible compulsion[.]

Additionally, 'forcible compulsion' is defined as "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied. This term includes, but is not limited to, compulsion resulting in another person's death, whether the death occurred before, during or after sexual intercourse." 18 Pa.C.S. § 3101.

Appellant contends that in this case, the Commonwealth failed to demonstrate the forcible compulsion element of indecent assault under section 3126(a)(2). Appellant premises his argument on the fact that B.F. was sleeping at the time of the assault, averring that he could "not induce B.F. to submit to his wishes where B.F. was fast asleep." Appellant's Brief at 9. Appellant contrasts the facts of his case with *Commonwealth v. Price*, 616 A.2d 681 (Pa. Super. 1992). There, the victim testified that Price began raping her when she was asleep, but she "woke up while Price was having intercourse with her[,]" and she immediately "screamed at Price and told him to 'get off' of her." *Id.* at 683. "Despite [the victim's] immediate protest, Price continued penetration" and "[a] physical struggle ensued." *Id.*

We concluded that this evidence was "sufficient to allow a factfinder to find forcible compulsion beyond a reasonable doubt."[1] *Id.*

We agree with Appellant that the present case is easily distinguishable from *Price*. Appellant's assault of B.F. immediately ceased once B.F. awoke, as demonstrated by the following exchange during the cross-examination of B.F.:

> [Defense Counsel:] Just going back to the way you were sleeping…[,] were you facing the wall?
>
> [B.F.:] Yes.
>
> [Defense Counsel:] And your back [was] turned then to [Appellant], right?
>
> [B.F.:] Yes.
>
> [Defense Counsel:] Okay. And when you feel something, you can't see who it is initially, right?
>
> [B.F.:] No.
>
> [Defense Counsel:] You just felt a hand?
>
> [B.F.:] Yeah.
>
> [Defense Counsel:] Okay. And his hand never went underneath your underwear, right?
>
> [B.F.:] No. It was under my pants.
>
> [Defense Counsel:] And you felt it for a split second?

---

[1] While in *Price*, we were assessing whether there was forcible compulsion to sustain Price's rape conviction under 18 Pa.C.S. § 3121, the term 'forcible compulsion' is defined the same for both the offenses of rape and indecent assault. *See* 18 Pa.C.S. § 3101 (presenting one definition for 'forcible compulsion' for all sexual offenses set forth in Chapter 31 of the Crimes Code).

[B.F.:] No. Like when I woke up, I felt it, and it was like two seconds. I didn't know what it was. That's when I woke up, and I seen [*sic*] his hand down my pants. I got up, looked at him. He banged his head on the wall and pretended he was sleeping. His eyes were flickering. Then that's when I went to the door, [and] said, "I'm telling my mom, you psycho," or something like that. Right when I went to my mom's door, he ran out.

N.T. Trial, 8/7/15, at 18-19.

B.F.'s testimony demonstrates that he was asleep when Appellant assaulted him, and that the assault stopped immediately when B.F. woke up. Moreover, as soon as B.F. showed resistance by getting up from the bed and saying that he was going to tell his mother what Appellant had done, Appellant fled. Based on this evidence, we conclude that Appellant did not use "physical, intellectual, moral, emotional or psychological force" in assaulting B.F. *See* 18 Pa.C.S. § 3101 (defining 'forcible compulsion').

We also cannot agree with the trial court that the trust B.F. had in Appellant, and the fact that they knew each other well, was sufficient evidence to demonstrate forcible compulsion. *See* TCO at 6. The court stresses that Appellant used his relationship of trust with B.F. to sleep in the same bed with B.F., where the assault then occurred. *Id.* However, section 3126(a) requires the use of forcible compulsion *in committing the act of 'indecent contact'*; here, the 'indecent contact' was Appellant's fondling B.F.'s buttocks and testicles, not Appellant's sleeping in the same bed as B.F. Therefore, even if Appellant took advantage of his relationship with B.F. to gain access to B.F.'s bed, Appellant did not utilize that relationship to compel B.F. to succumb to Appellant's assaultive touching. Instead, B.F. did

not resist that indecent contact because he was completely asleep at the time it occurred. Once B.F. awoke, the assault ended and Appellant fled. Under these facts, we must agree with Appellant that no forcible compulsion was demonstrated.

Consequently, we reverse Appellant's conviction for indecent assault, and vacate his 5-year term of probation for that offense. We also vacate Appellant's lifetime reporting requirement under SORNA, which was imposed for his conviction of indecent assault.[2] However, as Appellant does not challenge his conviction for corruption of a minor, we affirm his conviction and judgment of sentence for that offense. We need not remand for resentencing, as our disposition has not impacted Appellant's aggregate term of five years' probation.[3]

Judgment of sentence reversed in part, affirmed in part. Jurisdiction relinquished.

_____

[2] We note that the trial court concedes that it erred by imposing a lifetime registration requirement for Appellant's indecent assault conviction pursuant to section 3126(a)(2), as that crime constitutes a Tier II sexual offense under SORNA and carries only a 25-year registration requirement. **See** TCO at 8.

[3] Appellant's conviction of corruption of minors under 18 Pa.C.S. § 6301(a)(1)(i) does not require him to register under SORNA.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017