J-S30010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                   :               PENNSYLVANIA
                                                   :
                  v.                           :

JARED JAY RICKENBACH              :
                                                   :
             Appellant            :       No. 555 MDA 2021

Appeal from the Judgment of Sentence Entered February 9, 2021
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0005123-2019

BEFORE:    BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED NOVEMBER 04, 2021**

Appellant, Jared Jay Rickenbach, appeals from the judgment of sentence of 2½ to 12 years' incarceration, imposed after a jury convicted him of burglary (18 Pa.C.S. § 3502(a)(3)) and criminal trespass (18 Pa.C.S. § 3503(a)(1)(i)). On appeal, Appellant challenges the sufficiency and weight of the evidence to sustain his convictions, as well as the discretionary aspects of his sentence. After careful review, we reverse in part, vacate in part, and remand for resentencing.

Briefly, Appellant's convictions are premised on evidence that at approximately 9:30 p.m. on July 25, 2019, he entered a side door of a building housing the Reitech Corporation. Once inside, Appellant went upstairs to the third floor of the building, where an employee locker room is located. He then

---

[*] Retired Senior Judge assigned to the Superior Court.

left the building shortly thereafter. An employee of the corporation later reported that her wallet was missing from her locker in the locker room. Appellant was ultimately arrested and charged with burglary, theft, and criminal trespass. Following a jury trial on November 22, 2021, he was acquitted of theft, but convicted of the remaining two charges. On February 9, 2021, he was sentenced to the aggregate term stated *supra*.[1]

Appellant filed a timely post-sentence motion. After a hearing, the court denied Appellant's motion on April 6, 2021. He filed a timely notice of appeal;[2] and he also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on July 9, 2021. Herein, Appellant presents three issues for our review:

> A. Whether Appellant's convictions of burglary and criminal trespass were based on legally insufficient evidence, where, *inter alia*—with regard to burglary—no facts were adduced from which it could be inferred beyond a reasonable doubt that he ever intended to commit a crime in the business that he entered; and— with regard to both convictions—it was never shown that the business in question was not open to the public or that Appellant should otherwise have reasonably known that he would not have

_____

[1] The record indicates that Appellant has served at least half of his minimum sentence of 2½ years' incarceration on these charges.

[2] Appellant incorrectly stated in his notice of appeal that he is appealing from the entry of his judgment of sentence, **and** the order denying his post-sentence motion. "In a criminal action, [an] appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). Thus, Appellant's appeal is properly from his judgment of sentence only, not the order denying his post-sentence motion.

been allowed to walk through the open door of such an ostensibly public establishment?

B. Whether Appellant's convictions went against the weight of the evidence, where, *inter alia*, any testimonial and video[tape] evidence offered to identify Appellant as the person who walked into Reitech Corporation was too weak and uncertain to sustain the convictions; and where generally the mass of factors tending to exculpate him was much weightier than the sparse and equivocal circumstantial evidence supposedly tending to incriminate him?

C. Was the lower court's sentence both illegal and an abuse of discretion, as it illegally deprived Appellant of [Recidivism Risk Reduction Incentive Act (RRRI), 61 Pa.C.S. §§ 4501 *et seq.*] eligibility[,] even though his criminal record rendered him RRRI-eligible; and as it improvidently imposed an aggravated sentence without explaining what was so egregiously atypical of Appellant's offense as to justify such a sentence, and without acknowledging the many mitigating factors peculiar to his case?

Appellant's Brief at 8-9 (unnumbered).[3]

Appellant first challenges the sufficiency of the evidence to sustain his burglary and criminal trespass convictions. To begin, we note our standard of review:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno****,* 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell****,* 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it

_____

[3] We chastise counsel for not numbering the pages of the brief he filed on Appellant's behalf. We begin our numbering with page one being the "Statement of Jurisdiction" section of Appellant's brief, to correspond with counsel's Table of Contents. In the future, counsel shall include page numbers in appellate briefs filed with this Court.

links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

"A person commits the offense of burglary if, with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present…[.]"  18 Pa.C.S. § 3502(a)(3).  A person commits the crime of criminal trespass "if, knowing that he is not licensed or privileged to do so, he … enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof…[.]" 18 Pa.C.S. § 3503(a)(1)(i).

We begin by summarizing the evidence presented at Appellant's trial. First, Liana Grenfell testified for the Commonwealth.  Ms. Grenfell stated that on July 25, 2019, she was employed at Reitech Corporation and was working a shift from 2 p.m. to 11 p.m.  N.T Trial, 11/19/20-11/20/20, at 64.  She testified that when her shift started, she put her belongings in an unlocked locker in the employee locker room on the third floor of the building.  ***Id.*** at 64, 67.  At the end of her shift, she noticed her wallet and makeup bag were missing from the locker.  ***Id.*** at 65.  She reported the missing items to her supervisor.  ***Id.***  Ms. Grenfell's wallet contained approximately $150 in cash, as well as several credit cards.  ***Id.*** at 69.

Next, Amy Stauffer testified that she works in human resources for Reitech Corporation, and she was notified of the theft of Ms. Grenfell's wallet

- 4 -

and makeup bag. *Id.* at 77. Ms. Stauffer reviewed video footage from the building's security camera the following day. *Id.* at 78. The video, which was played for the jury and viewed by this Court, shows a stairwell just inside a door that is propped open. There is a staircase going down from the small landing inside the door, as well as two flights of steps going up. At approximately 9:28 p.m., Appellant is seen entering the door. Appellant first goes down the stairs, out of view of the camera, and then returns to the landing approximately 45 seconds later. He then goes up the first flight of stairs and disappears out of view for approximately 10 seconds before coming back into view and going up the second flight of stairs. Approximately seven minutes later, Appellant comes back into the camera view as he descends the stairs and exits the building. Just after stepping out of the still-propped-open door, he briefly reenters the building, looks down the descending staircase, and then exits again. In total, Appellant was inside the building for approximately nine minutes. There was no video footage from the third floor, or inside the locker room. *Id.* at 87.

The next witness to testify was Laureldale Police Officer Jonathan Troyer. Officer Troyer testified that he was working from 3 p.m. to 11 p.m. on July 25, 2019, when around 9 p.m., he was called to the 3300 block of Marion Avenue where he encountered Appellant. *Id.* at 90, 91.[4] The 3300

---

[4] Appellant points out in his appellate brief that Officer Troyer responded to a call of Appellant's overdosing on drugs. *See* Appellant's Brief at 13. Our *(Footnote Continued Next Page)*

block of Marion Avenue is two blocks from where Reitech Corporation is located at 3146 Marion Avenue. *Id.* at 64, 93. Officer Troyer testified that his encounter with Appellant was not an investigation of any suspicious activity by Appellant, such as "prowling in the neighborhood[,]" and he did not see any "tools" in Appellant's possession. *Id.* at 95, 96. The officer stated that his interaction with Appellant ended at approximately 9:28 p.m., at which point he watched Appellant walk southward toward Reitech's building. *Id.* at 92. Officer Troyer was shown a picture from Reitech's video surveillance of the individual who entered the building, and he identified that person as Appellant. *Id.*

Next, Laureldale Police Officer Robert Atkins testified. He explained that he was contacted by Amy Stauffer on July 30, 2019, about Ms. Grenfell's missing items from the locker room at Reitech. *Id.* at 100. Ms. Stauffer provided the video surveillance to Officer Atkins. *Id.* Officer Atkins did not talk to any individual(s) who saw Appellant inside the Reitech building, or in the locker room. *Id.* at 113. He also confirmed that there was no video footage of the locker room. *Id.* Officer Atkins further testified that there was

_____

review of the trial record shows that there was no evidence admitted about why Officer Troyer was called to the scene, or what occurred during his encounter with Appellant. Instead, the information that Appellant had overdosed was presented to the court only at sentencing, not to the jury at trial. *See* N.T. Sentencing, 2/9/21, at 9. Thus, for purposes of our sufficiency review, we do not consider the fact that Appellant had been revived from a drug overdose just prior to his entering the Reitech Corporation's building.

no evidence that Appellant had attempted to use any of Ms. Grenfell's stolen credit cards. *Id.*

Pertinent to the claims Appellant raises on appeal, the Commonwealth's evidence clearly demonstrated that the door of the Reitech Corporation through which Appellant entered was propped open. *Id.* at 68, 84; Commonwealth's Exhibit 1 (video footage). There was a light above the door and a picnic table outside for employees to use on breaks. *Id.* at 83, 84. The door is located on the side of the building, approximately 30 to 40 feet from the sidewalk. *Id.* at 117; Commonwealth's Exhibits 2 & 3. The main, double-door entrance to the corporation is on the front of the building, just off the sidewalk. *See* Commonwealth's Exhibits 2 & 3. There are not any "no trespassing" signs on the side of the building where Appellant entered, or any fence, rope or other sort of barricade blocking access to that side of the building or the door. *Id.* at 84, 85, 86.

On appeal, Appellant contends that this evidence was insufficient to sustain either his burglary or criminal trespass convictions. For burglary, he maintains that the Commonwealth failed to prove that he entered the Reitech Corporation with the intent to commit a crime therein. Appellant stresses that he was acquitted of theft, and there was no forced entry or other evidence that he acted furtively to avoid detection. Appellant's Brief at 24, 25. Instead, he simply

> walked through the open door of what was an obviously still-open and still-occupied business[,] open to the public in a densely populated neighborhood while it was still light outside. He made

no effort to conceal himself or to avoid leaving traces of his presence.  He walked in and moments later[,] he walked out.

*Id.* at 25-26.  Based on these facts, Appellant maintains that any inference that he intended to commit a crime in the building was pure conjecture and, thus, his burglary conviction must be reversed.

In response, the Commonwealth avers that, "[w]hen examining the totality of the circumstances, a clear inference of Appellant's intent to commit the crime of theft inside [the] building appears."  Commonwealth's Brief at 13.  In support, it cites the following facts:

> Appellant entered the building after 9 p.m. (N.T. [at] 82, 91-92), walking past the front door of the office through a parking lot and loading dock area to a door some 30 to 40 feet from the street. (N.T. [at] 107; Commonwealth's Exhibit 2 [&] 3).  He did not go to the production floor of the business, but rather went up the stairs to the third floor of a building and entered the locker room. (N.T. [at] 82).  It was reasonable for the jury to conclude that Appellant had no legitimate purpose for being inside this business, and that he intended to commit a crime once inside.

Commonwealth's Brief at 13-14.

The Commonwealth's argument is unconvincing.  Notably, our review of the record reveals no evidence establishing that Appellant entered the locker room.  While Appellant can be seen in the video going up the stairs to the third floor, there was no video of the locker room, or even any footage of the stop of that staircase to show that Appellant actually entered the third floor. There was also no testimony or evidence indicating that the locker room was the **only** room on the third floor of the building.  Moreover, Appellant was acquitted of the theft of the items taken from Ms. Grenfell's locker.

We also find it important that, although the door Appellant entered was 30 to 40 feet from the public sidewalk, there was an open walkway leading to the door, the doorway was lit, and the door itself was propped open. There were also no signs indicating the public was not to enter that door. Additionally, while the evidence established that Appellant was inside the building for approximately nine minutes, there was no evidence of **what he did** while inside, except for the video showing him briefly descending, and then ascending, the stairs just inside the open door through which he entered.

From these facts, we simply cannot conclude that the Commonwealth proved, beyond a reasonable doubt, that Appellant intended to commit a crime when he entered the Reitech Corporation. Appellant did not forcibly enter the building, there was no evidence of what he did once inside (except for his using the stairs), and he was acquitted of the theft of Ms. Grenfell's property. Accordingly, we must reverse Appellant's conviction for burglary.[5]

However, we reach a different result regarding Appellant's criminal trespass conviction. Appellant avers that the evidence failed to establish that he knew he was not licensed or privileged to enter the corporation's building. According to Appellant, the building was a "commercial establishment that [was] still presently occupied by multiple workers, [with the] lights … still

_____

[5] Given our disposition of this issue, we conclude that Appellant's challenges to the weight of the evidence to sustain his burglary conviction, and his claim that the court imposed an excessive and illegal sentence for that offense, are moot.

on…." Appellant's Brief at 29. There was "no chain cordoning off the sidewalk" leading to the open door through which Appellant entered, and there also were not any "no trespassing" signs on that side of the building. *Id.* at 30 (internal quotation marks and citation to record omitted). Appellant contends that this evidence did not prove that he knew he was not allowed to enter the building and, thus, his criminal trespass conviction must also be reversed.

The Commonwealth responds that

> no reasonable person would think that an industrial business was open and accepting customers at 9 p.m., and no one would reasonably assume that non-employees would be free to wander the facility and go up to an employee locker room. An open plant door positioned where it is on the building does not serve as an invitation for any and all persons to wander in off the street, and even if it does, nothing about that open door serves as permission to enter an employee locker room two floors above.

Commonwealth's Brief at 14.

Although, as set forth *supra*, there was no proof that Appellant entered the employee locker room, we nevertheless agree with the Commonwealth that the totality of evidence in this case demonstrated that Appellant knew he was not licensed or privileged to enter the Reitech Corporation building. Namely, Appellant walked past the marked, front entrance of the corporation and entered a doorway that was 30 to 40 feet from the public sidewalk. While that door was propped open, there was no signage indicating that it was a public entrance. Moreover, the door led directly into a stairwell, not the public lobby of the corporation. Thus, Appellant should have been aware when he stepped through the door that it was not a public entrance. Rather than

leaving at that point, Appellant traveled downstairs, and then upstairs, disappearing from the camera view for approximately 10 minutes. The evidence indicated that the areas he traveled inside the building were only for employees of the corporation. These facts were adequate to establish that Appellant knew he was not licensed or privileged to enter, and then wander around, the Reitech Corporation building. Consequently, the evidence was sufficient to sustain his criminal trespass conviction.

Appellant next claims that his conviction for criminal trespass is contrary to the weight of the evidence presented at trial.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well[-]settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

***Commonwealth v. Houser***, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, Appellant challenges the credibility of the evidence identifying him as the person who entered the Reitech Corporation. He stresses that the only identification was made by Officer Troyer from the video footage. According to Appellant, the video was not clear enough for the officer to have made an

identification, especially where the officer had only briefly interacted with Appellant. Appellant also claims that the officer's in-court identification was incredible, as the officer's short encounter with Appellant had happened nearly a year and a half before the trial. Appellant further stresses that no physical evidence, such as fingerprints, was found at the scene to link him to the crime. In light of these circumstances, Appellant contends that a new trial is warranted.

We disagree. We have viewed the video admitted in this case, and it is clear enough for Officer Troyer to have identified Appellant based on his physical appearance and clothing. It was also permissible for the jury to credit the officer's in-court identification, even though over a year had passed since his encounter with Appellant. In any event, the jurors did not even need to credit Officer Troyer's identifications, as they also viewed the video at trial and could compare the individual seen in the video with Appellant's appearance in the courtroom. Thus, we discern no abuse of discretion in the court's denying Appellant's challenge to the weight of the evidence to sustain his criminal trespass conviction.

In sum, the evidence was insufficient to support Appellant's burglary conviction and, thus, we reverse his conviction and judgment of sentence for that offense. However, his conviction for criminal trespass was supported by sufficient evidence and was not contrary to the weight of the evidence presented at trial. Therefore, we affirm his conviction for criminal trespass. Nevertheless, we must vacate his sentence for that offense. The court found

that Appellant's criminal trespass conviction merged with his burglary offense for sentencing purposes. Thus, our reversal of Appellant's burglary conviction upsets the court's overall sentencing scheme, and we must remand for resentencing on his criminal trespass conviction. *See Commonwealth v. Thur*, 906 A.2d 552, 569-70 (Pa. Super. 2006) (stating that if our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan).

Judgment of sentence reversed for burglary, vacated for criminal trespass. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/04/2021

- 13 -