J-S07013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARC ANTHONY CHEESEMAN, | |
| Appellant | No. 2108 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 9, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-SA-0000658-2016

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 01, 2018**

Appellant, Marc Anthony Cheeseman, appeals from the judgment of sentence of 60 days' imprisonment and a $500 fine, imposed after a magisterial district judge found him guilty of driving with a suspended license, and the trial court denied Appellant's subsequent summary appeal.  Appellant solely challenges the sufficiency of the evidence to sustain his conviction. Additionally, his counsel, Lisa Y. Williams, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The trial court briefly summarizes the procedural history of Appellant's case as follows:

On August 17, 2015, Appellant was charged by the Bucks County District Attorney's Office and the Warrington Township Police Department with [d]riving … while his license was … suspended [based on Appellant's prior conviction of driving under the influence of alcohol (DUI).][1][] On August 22, 2016, Appellant faced a summary trial on the citation before Magisterial Distrit Judge Jean Seaman. Judge Seaman found [] Appellant guilty and on that same date[,] Appellant was sentenced to 60 days['] imprisonment and ordered to pay the $500 … statutory fine plus costs.

[1] 75 Pa.C.S. § 1543(b)(1) [(Driving while operating privilege is suspended or revoked).]

Appellant filed a Summary Appeal of his sentence on September 22, 2016.  A trial in the Bucks County Court of Common Pleas … was scheduled and heard on June 9, 2017.  [] Appellant failed to appear and the trial was heard in his absence by the undersigned.  … At the conclusion of the hearing[,] [] Appellant was found guilty and sentenced to serve 60 days in the Bucks County Correctional Facility.  The District Attorney's Office sent a letter to [] Appellant advising him that he was found guilty at the hearing in his absence and directed him to appear at the correctional facility to begin serving his sentence on July 1, 2017.

Trial Court Opinion (TCO), 8/17/17, at 1-2.

Appellant filed a timely notice of appeal on June 29, 2017.  The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and he timely complied, raising the following issue: "Whether the evidence provided by the Commonwealth was sufficient to establish that [] Appellant was guilty of driving on August 17, 20[1]5, while his license was suspended due to a previous [DUI] conviction?"  Pa.R.A.P. 1925(b) Statement, 7/24/17, at 1 (unnumbered).  On August 17, 2017, the trial court issued a Rule 1925(a) opinion, concluding that Appellant's sufficiency challenge was waived because he had not ordered the transcript of

the trial *de novo* for the court to utilize in assessing his claim. **See** TCO at 2-5.

Thereafter, Appellant requested the trial transcript, and it was filed with this Court as a supplemental record. Thus, our review of Appellant's sufficiency claim is unhampered, and we will not find waiver based on his earlier failure to supply the trial court with the transcript.

On November 30, 2015, Attorney Williams filed with this Court a petition to withdraw from representing Appellant. She has also filed an **Anders** brief, asserting that Appellant's sufficiency-of-the-evidence issue is frivolous, and that he has no other non-frivolous issues he could assert on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to

pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Williams' **Anders** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's sufficiency claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Williams states in her petition to withdraw that she has supplied Appellant with a copy of her **Anders** brief, and she attached to her petition a letter directed to Appellant in which she informs him of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

We begin by noting our standard of review of the claim presented by Appellant:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

In this case, Appellant was convicted of driving while his operating privilege was suspended or revoked, as defined by 75 Pa.C.S. § 1543(b)(1):

> **(b) Certain offenses.--**
>
> (1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

At Appellant's trial *de novo*, the Commonwealth presented the testimony of Warrington Township Police Officer Kevin Stebner. Officer Stebner stated

that on August 17, 2015, at approximately 2 o'clock in the afternoon, he was in the area of Easton Road and Bristol Road in Warrington Township, Bucks County. N.T. Trial, 6/9/17, at 3, 4. The officer described what occurred at that location, as follows:

> [Officer Stebner]: I was observing the traffic signal at Bristol Road and Easton Road. A Chevy Equinox, gray in color, bearing Pennsylvania registration [HMW] 1401 was traveling north on Easton Road approaching Bristol Road. That vehicle entered the shoulder against two signs that say "keep off shoulder," passing other traffic that was stopped for a red traffic light. This vehicle then made a right turn from the shoulder onto eastbound Bristol Road.
>
> I activated my emergency lights and sirens and initiated a traffic stop of that vehicle, finding [Appellant] to be the operator. Through investigation[,] it was found that [Appellant's] driver's license was expired and he was also DUI suspended. He was cited for those violations.

*Id.* at 4. After this testimony, the Commonwealth rested its case. Because Appellant was absent from the trial *de novo*, no evidence was presented in his defense.

Officer Stebner's testimony was sufficient to prove that Appellant committed the offense defined by section 1543(b)(1). Officer Stebner testified that Appellant was driving a vehicle, and that he did not have a valid license to do so because it had been suspended based on Appellant's prior DUI offense. While the Commonwealth did not present documentary evidence to confirm that at the time of the stop, Appellant's license was suspended based on his DUI conviction, nothing in the language of section 1543(b)(1) suggests

that such proof is required.[1]  Accordingly, under the general principle that circumstantial evidence may alone be enough to support a conviction, **see Koch, supra**, we conclude that Officer Stebner's testimony was sufficient to prove that Appellant committed the offense defined in section 1543(b)(1).

Therefore, we agree with Attorney Williams' that the sufficiency challenge Appellant seeks to raise herein is frivolous.  Additionally, our independent review of the record reveals no other, non-frivolous issues that Appellant could pursue on appeal.  Thus, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/18

---

[1] We acknowledge that Attorney Williams' attaches to her **Anders** brief a copy of Appellant's Certified Driver History issued by the Pennsylvania Department of Transportation, which sets forth the periods of time between 1992 and 2015 during which Appellant's license was suspended.  However, that document was not introduced at Appellant's trial *de novo*; thus, we cannot consider it in assessing the sufficiency of the evidence to sustain Appellant's conviction.