J-A06010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                             :  PENNSYLVANIA
                                             :

          v.  :

                                             :

FIDEL LAMAR COSBY  :
                                             :

          Appellant  :  No. 307 WDA 2020

Appeal from the Judgment of Sentence Entered January 28, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005054-2019

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:  **FILED: APRIL 30, 2021**

Appellant, Fidel Lamar Cosby, appeals from the judgment of sentence of 8½ to 20 years' incarceration, imposed after he was convicted, following a non-jury trial, of one count of persons not to possess a firearm (18 Pa.C.S. § 6105(a)(1)).   Herein, Appellant challenges the sufficiency of the evidence to sustain his conviction, as well as the discretionary aspects of his sentence. After careful review, we affirm.

The trial court summarized the evidence presented at Appellant's trial, as follows:

> Willis Brooks testified that he was working a private security detail at Tim's Bar in the Hill District section of the City of Pittsburgh on the evening of April 22, 2019[,] and the early morning of April 23, 2019.  While he was working at Tim's Bar, two men entered the bar.  He patted them both down[,] but did not feel anything that he believed to be a weapon.  The two men went straight into the bathroom without speaking to anyone, which Mr. Brooks believed was odd.  Mr. Brooks followed the two men into the bathroom.

Upon entering the bathroom, he observed one of the men, later identified as [Appellant], "racking" a firearm and loading it with a bullet. The other male just stood and watched. Mr. Brooks then drew his firearm. [Appellant] put his firearm inside his waistband and Mr. Brooks escorted [Appellant] out of the bar.

Mr. Brooks told [Appellant] to put his hands against a wall. Instead of placing his hands against the wall, [Appellant] began backing up and drew his firearm. [Appellant] "took off running" around the bar. Mr. Brooks followed [Appellant,] but he had run off. Mr. Brooks returned to Tim's Bar and asked a patron to call the police. Mr. Brooks then jogged into an alleyway near Tim's Bar to see if he could locate [Appellant]. He observed [Appellant] jogging back toward Tim's Bar. Mr. Brooks chased [Appellant] around the bar two times. Mr. Brooks yelled to [Appellant] to "drop it," referring to [Appellant's] gun. [Appellant] turned toward Mr. Brooks with his firearm in his hand. [Appellant] pointed his gun at Mr. Brooks. Mr. Brooks then fired his gun toward [Appellant]. [Appellant] ran up the alleyway near the bar. Mr. Brooks continued following [Appellant] and noticed [Appellant] crouch behind a car. [Appellant] threw his firearm and ran away. Mr. Brooks recovered the firearm and got in his car to follow [Appellant]. Mr. Brooks caught up to [Appellant], lowered his window and ordered [Appellant] to the ground. At that point, a police vehicle had pulled up behind Mr. Brooks. A police officer exited the vehicle and gave chase. [Appellant] was taken into custody by police officers. After [Appellant] was placed in custody, Mr. Brooks turned [Appellant's] gun over to the police. The trial court record contains a stipulation that [Appellant] had a prior felony robbery conviction. Mr. Brooks was also wearing a body camera during the incident. The body camera did not record video of the incident[,] but it did record audio and it did record Mr. Brooks['] yelling at [Appellant] to "drop it."

Trial Court Opinion (TCO), 7/13/20, at 1-3.

Based on this evidence, the court convicted Appellant of possession of a firearm by a person prohibited. On January 28, 2020, he was sentenced as set forth above. Appellant did not file any post-sentence motion. Instead, he filed a timely notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

The court thereafter filed a Rule 1925(a) opinion. Herein, Appellant states two issues for our review:

I. Whether the evidence presented at trial was insufficient as a matter of law to sustain a conviction for possession of a firearm?

II. Whether the trial court erred by imposing an unreasonable sentence on Appellant and failing to make the required considerations on record during sentencing?

Appellant's Brief at 4 (unnecessary capitalization and emphasis omitted).

Appellant first challenges the sufficiency of the evidence to prove that he possessed a firearm as required for his conviction under 18 Pa.C.S. § 6105(a)(1). To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno***, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell***, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno, supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

In this case, Appellant argues that Mr. Brooks' version of events was incredible, and because there were no other witnesses who saw Appellant with the gun, or physical evidence linking him to it, the Commonwealth failed to establish that he possessed the firearm. ***See*** Appellant's Brief at 20-21.

Appellant's challenge to Mr. Brooks' credibility goes to the weight, not the sufficiency, of the evidence. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (stating that "credibility determinations are made by the fact finder and that challenges thereto go to the weight, and not the sufficiency, of the evidence"). This Court has declined to review a sufficiency claim where the argument in support thereof goes to the weight of the evidence. *See Commonwealth v. Sherwood*, 982 A.2d 483, 492 (Pa. 2009) (citing *Commonwealth v. Small*, 741 A.2d 666, 672 (Pa. 1999) (stating an appellate court will not review a sufficiency claim where the argument in support of the claim goes to the weight, not the sufficiency, of the evidence); *Commonwealth v. Mack*, 850 A.2d. 690, 693 (Pa. Super. 2004) (providing no relief where appellant alleged sufficiency but argued weight; weight issue was reserved for fact-finder below)). Moreover, Appellant did not present his weight-of-the-evidence claim in a post-sentence motion, and he fails to point to where in the record he preserved it prior to sentencing. *See* Pa.R.Crim.P. 607(A) (stating that a claim that the verdict was against the weight of evidence must be raised before the trial court orally or in a written motion prior to sentencing, or in a post-sentence motion); *see also* Pa.R.A.P. 2119(e) (directing that the appellant must set forth in the argument portion of his brief where in the record he preserved the issue before the trial court). Therefore, we cannot review Appellant's first issue as a sufficiency claim, and he has waived it as a challenge to the weight of the evidence. Accordingly, no relief is due.

Second, Appellant contends that the trial court "erred by imposing a clearly unreasonable and excessive sentence upon Appellant, without giving due consideration to the factors outlined in 42 Pa.C.S. § 9721(b)." Appellant's Brief at 21. More specifically, Appellant complains that the

> court spent the majority of Appellant's sentencing hearing discussing other individuals the court had previously sentenced and drawing comparisons between those individuals and Appellant. The record reveals scant consideration for anything other than Appellant's prior record and the trial court's disdain for firearms. While there was a pre-sentence investigation report produced, there was no mention of anything contained in the report[,] other than Appellant's criminal record and the offense of conviction. The trial court cites only to "public safety" as the main consideration in the imposition of Appellant's sentence. Further, the trial court found "the fact that [Appellant] was on probation for robbery as an aggravating circumstance to [his] conduct for sentencing purposes." Appellant, however, was not on probation at the time he was alleged to have committed this crime.

*Id.* at 23-24.

Appellant's arguments implicate the discretionary aspects of his sentence, yet he fails to point to where he raised these claims at the time of his sentencing, and he did not file a written post-sentence motion. Thus, we are compelled to deem his sentencing challenge waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted).

- 5 -

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2021