J-S24004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRENDON JOHN HASARA | : | |
| | : | |
| Appellant | : | No. 1098 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0001913-2021

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 5, 2023**

Appellant, Brendon John Hasara, appeals from the aggregate judgment of sentence of 112 to 228 months' incarceration, imposed after he was convicted of one count each of arson - endangering property (18 Pa.C.S. § 3301(c)(1)), criminal mischief (18 Pa.C.S. § 3304(a)(1)), and defiant trespass (18 Pa.C.S. § 3503(b)(1)(ii)), as well as five counts of recklessly endangering another person (REAP) (18 Pa.C.S. § 2705). Appellant challenges the sufficiency of the evidence to sustain his convictions. After careful review, we affirm.

Briefly, Appellant was convicted of the above-stated offenses based on evidence that he set fire to cushions and pillows inside a row home that had been posted as unfit for human habitation. The fire quickly spread, causing

_____

[*] Former Justice specially assigned to the Superior Court.

extensive property damage to that row home, as well as multiple other residences on the street. The fire also endangered multiple individuals who were inside those homes at the time of the blaze, and a firefighter suffered a broken ankle while responding to the emergency.

After a jury trial, Appellant was convicted of the offenses set forth *supra*. On July 12, 2022, he was sentenced to the aggregate term mentioned above. Appellant filed a timely notice of appeal on August 3, 2022. He also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court filed a Rule 1925(a) opinion on September 27, 2022. Herein, Appellant states the following four issues for our review:

> 1. Did the Commonwealth fail to present sufficient evidence to establish [Appellant] acted recklessly in using fire to endanger the property of another?
>
> 2. Did the Commonwealth fail to present sufficient evidence to establish [Appellant] acted negligently or recklessly in the use of fire to establish criminal mischief?
>
> 3. Did the Commonwealth fail to present sufficient evidence to establish [Appellant] recklessly engaged in conduct which placed or may place another person in danger of death or serious bodily injury?
>
> 4. Did the Commonwealth fail to present sufficient evidence that … [A]ppellant entered or remained in any place to which notice of trespass was given by posting in a manner prescribed by law or reasonably likely to come to the attention of … [A]ppellant?

Appellant's Brief at 5-6.

To begin, we note our standard of review for a challenge to the sufficiency of the evidence:

In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno*, 14 A.3d 133[, 136] (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell*, 988 A.2d 141[, 143] (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

In assessing Appellant's arguments, we have reviewed his appellate brief,[1] the certified record, and the applicable law. We have also considered the well-reasoned opinion of the Honorable Jacqueline L. Russell, President Judge of the Court of Common Pleas of Schuylkill County. We conclude that P.J. Russell's opinion adequately and accurately disposes of the claims that Appellant preserved in his Rule 1925(b) statement.[2] Appellant's arguments

_____

[1] The Commonwealth did not file an appellee's brief in this case.

[2] We note that P.J. Russell does not address Appellant's argument, in his fourth issue on appeal, that the evidence established an affirmative defense under 18 Pa.C.S. § 3503(c)(3) to his defiant trespass charge. P.J. Russell did not discuss this claim because Appellant did not present it in his Rule 1925(b) statement, thereby waiving it for our review. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Order, 8/4/22, at 1 (single page) (warning that "[a]ny issue not properly included in the statement and timely filed and served as required by this order and Pa.R.A.P. 1925(b), shall be deemed waived"); *see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial

*(Footnote Continued Next Page)*

on appeal do not demonstrate that he is entitled to relief.[3]  Accordingly, we

adopt P.J. Russell's opinion as our own, and affirm Appellant's judgment of

sentence for the reasons set forth therein.

Judgment of sentence affirmed.

_____

court's order that triggers an appellant's obligation[.  T]herefore, we look first
to the language of that order.") (citations omitted; some brackets added).

In any event, even had Appellant preserved this claim, we would deem
it meritless.  Section 3503(c)(3) provides that "[i]t is a defense to prosecution
under this section that … the actor reasonably believed that the owner of the
premises, or other person empowered to license access thereto, would have
licensed him to enter or remain."  According to Appellant, the property was
owned by Angela Miller, and "[s]he permitted … [A]ppellant to live there," thus
proving the defense in section 3503(c)(3).  Appellant's Brief at 26.  However,
Appellant admitted at trial that Ms. Miller told him on the day of the fire that
"[s]he wanted [him] to leave and not stay there…."  N.T. Trial, 4/5/22, at 150.
Nevertheless, he remained in the house and then set the blaze.  Thus,
Appellant would not be able to demonstrate that the defense in section
3503(c)(3) applied in this case.

[3] We point out that, in support of Appellant's first three issues, his entire
argument focuses solely on his own trial testimony that the fire was
accidentally set as he attempted "to cook a hamburger in a pot over a candle
in the living[]room of his house…."  Appellant's Brief at 18.  Appellant contends
that his testimony shows he did not recklessly or negligently start the fire.
Even if we accepted, for argument sake, that Appellant's version of events did
not demonstrate that he acted recklessly or negligently, the other evidence
presented at trial was sufficient to prove that the fire was not accidental.  For
instance, eyewitness David Bickowski testified that he saw Appellant, through
the open door of the condemned home, repeatedly striking a lighter next to a
large pile of cushions and pillows until they ignited.  *See* N.T. Trial at 25-29.
Appellant's relying on his own, self-serving testimony to argue that the fire
was accidental, and that he did not act recklessly or negligently, is
unconvincing in light of the other evidence presented at trial.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/05/2023

COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA  :  No. 1913-2021

vs.  :

BRENDON J. HASARA,  :
                  Defendant  :

Thomas J. Pellish, Assistant District Attorney – for the Commonwealth
Kent D. Watkins, Assistant Public Defender – for the Defendant

## ORDER AND OPINION
## PURSUANT TO PA.R.A.P. 1925

RUSSELL, P.J.

AND NOW, this 27th day of September, 2022, it is ORDERED the Clerk of Courts of

Schuylkill County shall forward this Opinion with the record of this case to the Superior Court.

BY THE COURT,

_____, P.J.

# COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY--CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     :     No. 1913-2021

            vs.                :

BRENDON J. HASARA,            :
         Defendant           :

Thomas J. Pellish, Assistant District Attorney – for the Commonwealth
Kent D. Watkins, Assistant Public Defender – for the Defendant

## OPINION PURSUANT TO PA.R.A.P. 1925

RUSSELL, P.J.

Defendant/Appellant Brendon John Hasara filed an appeal to the Pennsylvania Superior Court from this Court's July 12, 2022 judgment of sentence. Defendant had been found guilty by a jury of Count 5: arson endangering property (1017 E. Pine Street, Mahanoy City), Count 10: criminal mischief, Counts 11 through 15: recklessly endangering another person (Harry Wagner, Jason Wagner, Cindy Wagner, Candido Bueno, and James Wall, respectively), and Count 17: defiant trespass. Defendant was sentenced, inter alia, to serve 24 months to 48 months incarceration on the arson offense, a consecutive term of 24 months to 48 months incarceration on the criminal mischief offense, consecutive 12 months to 24 months terms of incarceration on each recklessly endangering another person offense, and 4 months to 12 months consecutive incarceration on the defiant trespass offense. The aggregate sentence of incarceration of 112 months to 228 months was imposed due to numerous reasons, including that Defendant's criminal conduct resulted in danger to multiple persons and loss of/damage to a residential row home neighborhood with several residents and first responders at the scene of the large blaze started by Defendant in Mahanoy City, Schuylkill County.

# Appendix C

Defendant filed a Concise Statement of Matters Complained of on Appeal on August 29, 2022, wherein he contends that the Commonwealth failed to present sufficient evidence: 1) on the arson charge to establish that Defendant acted recklessly in the use of fire to endanger the property of another; 2) to prove that he acted negligently or recklessly in the use of fire so to establish the criminal mischief offense; 3) to establish that he recklessly engaged in conduct that placed or may have placed another person in danger of death or serious bodily injury to prove the recklessly endangering another person offenses; and, 5) to prove that he entered or remained in a place to which notice against trespass was given by posting in a manner prescribed by law or reasonably likely to come to his attention so to prove defiant trespass.

At trial, the Commonwealth presented witnesses who testified about a fire that had occurred the evening of November 18, 2021 in Mahanoy City, Schuylkill County. On that date, David Bickowski resided with his wife, son, and disabled step-daughter at 1029 East Pine Street, Mahanoy City. Mr. Bickowski testified that about 9:15 p.m. that evening he had been walking on the sidewalk of East Pine Street to go to his vehicle when he saw Defendant striking a lighter near a pile of couch cushions and pillows inside the residential row home at 1017 East Pine Street. The front door to the 1017 property was "wide open." The structure at 1017 East Pine Street was one of about fifteen residential row homes on East Pine Street. The row included Mr. Bickowski's home. Mr. Bickowski yelled at Defendant, but the latter did not respond. Rather, Defendant struck the lighter three more times, with the last strike setting the cushions and pillows on fire. Mr. Bickowski immediately went to the adjoining residence at 1019 East Pine Street, occupied by Harry, Cindy and Jason Wagner, to urge them to leave their home due to the fire. He then called 911 using Cindy Wagner's cellphone. Following completion of the call, Mr.

2

Bickowski went to his own home to have his family exit the house. Within minutes, he observed the 1017 property fully engulfed by fire.

Harry Wagner testified that he had lived at 1019 East Pine Street for forty-two years. He had been at home the evening of the fire with his wife, son, and grandson. He was getting prepared to go to bed when he heard people yelling to get out of the house. He exited his house and saw flames in the street. According to Mr. Wagner, the house at 1017 had been posted as condemned, but he nevertheless saw Defendant at the property every day, and observed that the door was always open. Jason Wagner testified that after he vacated the property at 1019 East Pine Street he saw Defendant in the doorway of the 1017 East Pine Street property. He told Defendant to get out of the home. Defendant responded, telling Jason Wagner, to "shut the 'f' up." Jason Wagner also testified that he had heard Defendant and Angela Miller arguing earlier in the day, and that she had told Defendant that she wanted him out of the house.

Rachel Lenar, a police officer with Mahanoy City Borough, testified that about 9:30 p.m. on November 18, 2021, she was dispatched for an involved structure fire. Upon arrival at the scene she saw Defendant and Jason Wagner pushing and yelling at each other. Wagner told her that Defendant set the house on fire. Office Lenar put Defendant, whose hair she later noticed had been singed, in her patrol vehicle and then went to the various homes on the street to direct the residents to exit them. Per the officer, 1017 East Pine Street had been posted by the Code Enforcement Officer as unfit for human habitation for a few months.

The parties stipulated that the property damage sustained by the alleged victims exceeded $5,000.00. Additionally, they stipulated that fire fighter James Wall suffered a broken ankle while responding to the fire.

3

Candido Bueno testified that he resided at 1021 East Pine Street, and had been sleeping the evening of November 18, 2021, until he heard noise outside his home. He saw smoke in his house, went outside, and saw two homes on fire. His house sustained fire damage to a bedroom.

Trooper Joseph Hall, a Pennsylvania State Police Fire Marshall, testified as an expert in the origin and cause of fires. He investigated the fire, determined that it had started on the first floor of 1017 East Pine Street in the center living room, and that it was an arson, namely, an intentionally set fire.

William Killian, III, the Code Enforcement Officer of Mahanoy City Borough, testified that the property at 1017 East Pine Street had been posted as unfit for human habitation due to numerous Code violations, including its front door being missing or off its hinges, a lot of debris being inside the property, and a lack of electricity service to the property. He asked borough workers to secure the front door opening; boards were placed over it; and, the front door area was posted on June 21, 2021 with a sign that warned "danger," and directed that no one enter the premises because it was unsafe and unfit for human habitation. The property, owned by Angela Miller, was posted again as unsafe and unfit after the first posting was removed. It was never approved for occupancy thereafter.

Defendant testified in his own defense. He claimed that he lived at 1017 East Pine Street with Angela Miller when the latter was "home." Although he acknowledged that the property did not have electrical, water, or sewer service, he claimed that he was supposed to have the property inspected two days after the day of the fire. Defendant stated that he had ignored the signs that warned that he was not to enter the property, because he claimed that he could be on the premises until 10:00 p.m. to fix the home. However, he also testified that he had slept overnight

4

at the property. Defendant stated that on the afternoon of November 18, 2021, Angela Miller had argued with him and told him to leave the premises. Defendant testified that prior to the fire he had been cooking a hamburger in a pot over a candle in the living room, that he had accidently knocked over the pot which was being heated by the candle, and that grease in the pot started a fire. Defendant stated that he smothered the fire with a cushion and then went upstairs to open a window due to the smoke in the house. When he returned to the living room, he decided to make another hamburger and attempted to light the candle again when the area reignited. Defendant claimed that he tried to smother the fire with another pillow but was not successful.

Defendant was convicted of arson endangering property, being 1017 East Pine Street, property of Angela Miller. (18 Pa.C.S. 330(c)(1)).[1] The crime is committed if a person intentionally starts a fire on his or another's property and he commits the act with the intent of destroying or damaging a building or unoccupied structure of another. Defendant was found guilty of criminal mischief (18 Pa.C.S. 3304(a)(1)) – a crime requiring the Commonwealth prove that a person damaged tangible property of another intentionally, recklessly, or by negligence in the employment of fire. In this regard, the information stated that the properties damaged by Defendant were those at 1015 and/or 1017, 1019, 1021, and 1023 East Pine Street, together with the personal belongings within the structures at those premises. Defendant was found guilty of five counts of recklessly endangering another person - being the three Wagner's (Harry, Jason and Cindy), Candido Bueno, and James Wall, a firefighter - at Counts 11 through 15 of the information, respectively. A person is guilty of that offense if he recklessly engages in conduct that places or may place another in danger of death or serious bodily injury. (18 Pa.C.S. 2705).

---

[1] The information at Count 5 was amended at trial from charging arson at 18 Pa.C.S 3301(c)(2) to (c)(1).

5

Finally, Defendant was found guilty of defiant trespass, which is committed if a person knowing he is not licensed or privileged to do so, enters or remains in a place as to which notice against trespass is given by posting in a manner prescribed by law or reasonably likely to come to the attention of intruder. (18 Pa.C.S. 3503 (b)(1)(ii)).

According to Defendant, the Commonwealth failed to present sufficient evidence to establish that Defendant acted recklessly in using fire to endanger the property of another, that he acted negligently or recklessly in the use of fire to establish criminal mischief, and that he recklessly engaged in conduct that placed or may have placed another in danger of death or serious bodily injury.

The Crimes Code defines the culpability requirements as follows:

> A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. 302 (b)(3).

> A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

18 Pa.C.S. 302(b)(4).

6

Defendant's complaints challenge the sufficiency of evidence on the mens rea element of the arson, criminal mischief and recklessly endangering offenses, and on the elements of the defiant trespass offense generally. As Defendant has been convicted of the offenses, the evidence, together with all reasonable inferences arising therefrom, are to be viewed in the light most favorable to the Commonwealth. The standard of review to apply, when a challenge to the sufficiency of evidence is raised, as stated by the Pennsylvania Superior Court is "whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Hutchinson*, 947 A. 2d 800, 805 (Pa.Super. 2008). In this regard, the evidence is not to be weighed by the court, with its judgment substituted for that of the jury; and, the established facts and circumstances "need not preclude every possibility of innocence," as "doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." Id, at 805-806.

Mr. Bickowski saw Defendant lighting pillows and cushions on fire in the first floor living room of the property at 1017 East Pine Street. The real property was a row home connected to adjoining residential properties, some of which, including the adjacent property of the Wagner family, had been occupied. The evidence was more than sufficient for the jury to find that Defendant acted recklessly with respect to each material element of each offense

7

requiring proof of recklessness.[2] The evidence was also sufficient to find that Defendant acted negligently, a lesser required mens rea than having acted recklessly, with respect to criminal mischief.

Finally, the evidence was sufficient to establish that Defendant had entered or remained at 1017 East Pine Street, as to which notice of trespass was given by posting, and that such posting was reasonably likely to come to his attention. The proof established that written notices against trespass were posted on the boarded front door area of the property which had no water, sewer, or electric service, and that it generally had no front door.[3] Defendant was aware that the property was condemned – with notices against trespass posted – and, nevertheless, entered and remained at the property both day and night in violation of the notices.

---

[2] Defendant had been convicted of arson defined at 18 Pa. C.S. 3301(c)(1). This offense required proof that Defendant acted intentionally, rather than recklessly. Defendant has not claimed that the Commonwealth failed to meet its burden with respect to this element; rather, he only mentions reckless conduct in his Concise Statement. To the extent it may be determined that Defendant has preserved the issue of proof of intentional conduct as it relates to the arson charge, the evidence supports finding that the Commonwealth met its burden of proving the requisite mens rea. The Crimes Code provides that: "(a) person acts intentionally with respect to a material element of an offense when: (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.". 18 Pa.C.S. 302 (b)(1)(i),(ii).

[3] The evidence indicated that a door was generally not attached to the opening at the front of the house. The open area had been boarded shut by the Borough at the time of posting. However, the boards had been removed, and either the opening was not covered or Defendant occasionally placed a pool table or plywood over it.

8